MUNICIPALITY OF RÍO PIEDRAS, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 645. Argued February 4, 1929.—Decided July 26, 1929.

*R. Rivera Zayas* and *J. Ruiz de Val,* for petitioner. *M. Tous Soto,* for intervener.

MR. JUSTICE WOLF delivered the opinion of the court.

## JUDGMENT

By the court at the proposal of Mr. Justice Wolf.

WHEREAS, The purpose of this certiorari is to challenge the power of a district court to take certain steps to secure the effectiveness of a judgment;

WHEREAS, Vicente Machuca filed in the District Court of San Juan a complaint wherein he alleged his rights as a lessee and the duty of his lessor to secure him in the peaceful enjoyment of the leased premises during the entire life of the contract and further alleged violations of such duty on the part of the lessor, the Municipality of Río Piedras;

WHEREAS, The District Court of San Juan made an order to secure the effectiveness of the judgment whereby it restrained the defendant Municipality of Río Piedras from executing any act tending to disturb plaintiff Machuca in the possession and enjoyment of the market place and, among such acts, the collection of rentals from subleased stalls and sale counters; and further restrained the Mayor and the

36

Municipal Assembly of Río Piedras from executing any of the said acts and others resulting in disturbing the plaintiff in the use of the market place, although it is to be noted that neither the Mayor nor the Municipal Assembly of Río Piedras appear as parties defendant to the said action; and warning the legal representative and the administrators of the Municipality of Río Piedras, who are not defendants, that they would be punished for contempt in case of failure to obey said order;

WHEREAS, The complaint in so far as it prays for a declaration of the existence of the contract, does not lie because plaintiff is at present in possession of the market place and a declaration from the court would be academic, since to declare that a valid contract exists is not a procedural remedy;

WHEREAS, The only thing left in the complaint would be the alleged violations of the contract on the part of the lessor, and this according to the pleadings would only be ground for damages;

WHEREAS, The acts and violations averred in the complaint are not, as alleged, properly the acts of the Municipality of Río Piedras, and if the alleged acts were committed by officers or agents of the municipality, an injunction would lie against them but, under the allegations of the complaint, it would not lie against the Municipality of Río Piedras as an entity. *Lugo* v. *Municipality of Lajas,* 32 P.R.R. 521;

WHEREAS, The Injunctions Act of 1906 is in force in Porto Rico and has not been modified by the Legislature;

WHEREAS, The purpose of the Act to secure the effectiveness of judgments is, as recited therein, to secure the final judgment that may eventually be rendered in a given case, and excludes any construction of the act in the sense of procuring in advance the effects of a judgment not yet rendered, as would practically be the case if the decision of the district court in the present case were upheld; and the scope of the securing measures has never been extended by the Legislature;

WHEREAS, Subdivision (*h*) of section 2 of the Act to secure the effectiveness of judgments has always been construed as covering special cases, but not as a substitute for the Injunctions Act or as a means to avoiding the limitations of the latter statute, and a contrary interpretation would tend to prevent a defendant from having an opportunity to be heard defend himself, such as he was in injunction cases;

WHEREAS, Neither is it the purpose of the law to prevent municipalities from seeking to legally avoid or rescind a contract during a litigation;

WHEREAS, The decision in *Polanco* v. *Goffinet*, 30 P.R.R. 768, did not tend to broaden the powers of the courts under the aforesaid subdivision (*h*) of section 2 of the Act, but confined itself to stating that some of the rules set forth in the act produce the same effect and fulfill the same purpose as an injunction order, and holding that subdivision (*h*) is a general rule, covering all cases not provided for by the other rules, under which the lower court has equitable and discretionary power to adopt proper measures to secure the effectiveness of a judgment;

THEREFORE, The order of attachment issued by the District Court of San Juan on January 17, 1929, in the action wherein this appeal originated, is set aside and the case is remanded for further proceedings not inconsistent with this opinion.